Hely, J.
Independent Contractor or Employee?
The defendant relies on the contract signed by the parties on July 10, 1989, which defined the plaintiffs status as that of an independent contractor. The contract also provided that the plaintiff had the exclusive responsibility to provide his own insurance, including health and liability insurance. The contract further states that the plaintiff agreed to forever refrain from making any claim against the defendant for personal injury growing out of the course of the work on her properties, and he also agreed to release hold harmless and discharge the defendant from any claim for personal injury growing out of such work.
The plaintiff relies on the provision in the Workers’ Compensation Statute, G.L.c. 152, §46, which stated at the time of the accident: “No agreement by any employee to waive his right to compensation shall be valid.” If the plaintiff was in fact an employee of the defendant on the date of the accident, the release contract would be invalid as a waiver of compensation. Although the release appears to be strong evidence of an independent contractor status, it is not conclusive and it does not preclude the introduction of other evidence tending to show an employer/employee relationship. Despite the terms of the release contract, the evidence in the summary judgment materials raises a genuine issue of material fact on the question of whether the plaintiff was an employee.
A number of factors in the summary judgment materials support the plaintiffs claim that he was an employee. L. Locke, Workmen’s Compensation §§141-48 (1981). The plaintiff began working for the defendant in approximately May, 1988. The pay records referred to in the plaintiffs affidavit show that between January 6,1989, and August 13,1989, he worked 776 ½ hours for the defendant. This is an average of about 25 hours per week. According to his deposition testimony, the plaintiff worked 40 to 50 hours per week for the defendant. Another highly significant factor is that the plaintiff worked only for the defendant; he was employed by no one else. The plaintiffs affidavit states that the defendant reviewed his work or his proposed work on an almost daily basis. The defendant also supplied the materials for the work and some of the tools, although the plaintiff was involved in selecting the materials along with the defendant.
The length of their relationship, the apparent intent that it would last indefinitely into the future, and the fact that the defendant worked for no one else is powerful evidence that he was an employee of the defendant. The defendant is certainly not entitled to summary judgment on this issue. In fact, it is a close question whether the plaintiff is entitled to summary judgment on status as an employee. Although most of the summary judgment evidence strongly supports the plaintiffs claim, the July 10 contract is some admissible evidence on the defendant’s independent contractor claim. For this reason I must deny the plaintiffs summary judgment motion as well.
There is no merit to the plaintiffs claim that he is conclusively presumed to be an employee under G.L.c. 152, §26. The nature of the roof repair work was in the usual course of his occupation even though it may not have been usual for him to be ordered to do it on a Sunday.
B.Statutory Exceptions Claims by the Defendant
The defendant relies on G.L.c. 152, §1(5) which excludes from the definition of employer an “owner of a dwelling house having not more than three apartments and who resides therein.” As a matter of law this exception does not protect the defendant because the “two attached two-family houses” (Steinadler Affidavit) where she lived had four apartments.
The defendant has no better luck with her reliance on G.L.c. 152, §l(4)(g) which excludes from the definition of an employee a person “whose employment is not in the usual course of the trade, business, profession or occupation of his employer.” The summary judgment materials show that the defendant’s primary occupation is that of an artist but that she also derives business income from her ownership of apartments. A person may have more than one business or occupation for purposes of the Workers’ Compensation Statute. A person may engage in several businesses or occupations simultaneously and may employ employees in each of them. Considering only the 6-8 Kelly Road address, the employment of the plaintiff was part of the usual course of the defendant’s income producing rental business or occupation, even though it may not have been her primary business or occupation.
C.Negligence and Duress
If there is any evidence of negligence or causation, it is skimpy. The same must be said on the duress claim regarding the July 10 contract. Nevertheless, I cannot say with confidence on these summary judgment materials that the plaintiff will not be able to present enough evidence at trial to raise a genuine fact issue on these questions.
D.Order
The defendant’s motion for summary judgment and the plaintiffs motion for summary judgment are denied.